UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>CARLTON ROARK,<br><br>　　　　　　　　　　Debtors.<br><br>———————————————<br><br>CARLTON ROARK,<br><br>　　　　　　　　　　Appellant,<br><br>v.<br><br>LESLIE T. GLADSTONE, Trustee; SAN DIEGO COUNTY CREDIT UNION; NORTH ISLAND FINANCIAL CREDIT UNION; and CALIFORNIA CREDIT UNION,<br><br>　　　　　　　　　　Appellees. | Case No.: 19-CV-2117 TWR (WVG)<br>Bankr. No.: 18-04093-LA7<br><br>**ORDER AND JUDGMENT (1) DENYING APPLICATION TO SUPPLEMENT RECORD ON APPEAL, (2) AFFIRMING BANKRUPTCY COURT, AND (3) DENYING AS MOOT APPLICATION FOR EXPEDITED CONSIDERATION**<br><br>(ECF Nos. 1, 23, 24) |

Presently before the Court is Appellant and Debtor Carlton Roark's Notice of Appeal from the Honorable Louise Decarl Adler's denial of his Motion to Invalidate Trustee's Settlement and Withdraw Debtor's Chapter 7 Bankruptcy Petition ("NOA," ECF No. 1), as well as Appellant's Ex Parte Applications for Expedited Consideration ("Mot. to

1

Expedite," ECF No. 23) and to Supplement the Record on Appeal ("Mot. to Supp.," ECF No. 24), the latter of which is opposed. (*See* ECF Nos. 26–28.) Also before the Court are Appellant's Opening Brief ("AOB," ECF No. 11); the responsive briefs filed by Appellees North Island Financial Credit Union ("NIFCU") and California Credit Union ("CCU") ("NIFCU Br.," ECF No. 14), Trustee Leslie T. Gladstone ("Tr. Br.," ECF No. 15), and San Diego County Credit Union ("SDCCU") ("SDCCU Br.," ECF No. 16); and Appellant's Reply Brief ("Reply," ECF No. 17). The Honorable Anthony J. Battaglia determined that Appellant's bankruptcy appeal was suitable for determination on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1), (*see* ECF No. 21), following which this appeal was transferred to the undersigned. (*See* ECF No. 22.) Having carefully considered the Parties' arguments, the record, and the applicable law, the Court **DENIES** Appellant's Motion to Supplement, **AFFIRMS** the ruling of the bankruptcy court, and **DENIES AS MOOT** Appellant's Motion to Expedite.

## BACKGROUND

### I. The San Diego County Credit Union Litigation

In 2012, Appellant left his job as a loan officer at SDCCU for a position at NIFCU. (NOA at 11; NIFCU Br. at 4.) While working at NIFCU, Appellant allegedly misappropriated loans belonging to SDCCU and engaged in a smear campaign against his former employer. (NOA at 11.)

As a result, SDCCU sued Appellant and NIFCU for defamation and unfair trade practices in the Superior Court of California for the County of San Diego, *San Diego County Credit Union v. Roark*, No. 37-2011-00100322-CU-DF-CTL (Cal. Super. filed Nov. 1, 2011) (the "SDCCU Litigation"). (NOA at 11; NIFCU Br. at 4.) During the SDCCU Litigation, San Diego Superior Court Judge Joel Pressman issued an evidence preservation order at SDCCU's request (the "Preservation Order"). (NOA at 11; NIFCU Br. at 4.) After SDCCU alleged that Appellant had violated the Preservation Order, a neutral expert was commissioned. (NOA at 11.)

/ / /

2

19-CV-2117 TWR (WVG)

Judge Pressman ultimately concluded that Appellant had wiped 210,000 files from his home computer prior to the scheduled production of the hard drive for inspection, in violation of the Preservation Order. (NOA at 11; NIFCU Br. at 4.) Accordingly, Judge Pressman issued terminating sanctions against Appellant on the defamation claims and entered default judgment against him in the amount of $857,713.21 (the "SDCCU Judgment"). (NOA at 11; NIFCU Br. at 4.) Appellant appealed, but the California Court of Appeal affirmed. (*Id.*)

SDCCU and NIFCU settled the remaining unfair trade practices claims. (NIFCU Br. at 5.)

## II. The Employment Litigation

After the terminating sanctions were issued but before the conclusion of the SDCCU Litigation, NIFCU terminated Appellant. (NOA at 11; NIFCU Br. at 5.) Appellant subsequently filed a lawsuit in Superior Court against NIFCU and CCU for discrimination based on age and religion, retaliation for filing sexual harassment complaints, wrongful termination, whistleblower retaliation, harassment based on age, sexual harassment, and failure to take steps to stop discrimination and harassment (the "Employment Litigation Claims"), *Roark v. North Island Financial Credit Union*, No. 37-2018-00016182-CU-WT-CTL (Cal. Super. filed Apr. 2, 2018) (the "Employment Litigation"). (NOA at 11; NIFCU Br. at 5.)

## III. The Bankruptcy Petition

On July 9, 2018, Appellant filed a voluntary Chapter 7 bankruptcy petition. (NOA at 11; NIFCU Br. at 5.) Under penalty of perjury, Appellant listed the Employment Litigation as an asset in his bankruptcy schedules, estimating its value at zero dollars. (NOA at 11; NIFCU Br. at 5; Tr. Br. at 4–5.) Appellant did not schedule any other litigation claims related to NIFCU and CCU. (NOA at 11.)

Because the Employment Litigation was an asset of Appellant's Estate, the Trustee investigated Appellant's claims against NIFCU, retaining special counsel to analyze the claims and advise Trustee in maximizing their value. (NOA at 12; Tr. Br. at 5; NIFCU Br.

at 6.) Although the Trustee invited Appellant and his prepetition state court counsel to participate in the analysis, Appellant declined to respond. (NOA at 12; Tr. Br. at 5.)

When Appellant learned of Trustee's interest in the claims against NIFCU, he filed in the bankruptcy court a motion for relief from automatic stay, seeking permission to continue litigating the Employment Litigation on his own behalf. (NIFCU Br. at 5; Tr. Br. at 5.) Judge Adler denied Appellant's request, finding that the Trustee had become the real party-in-interest to the Employment Litigation once Appellant filed his Chapter 7 petition. (NIFCU Br. at 5–6; Tr. Br. at 5.)

**IV.   The Adversary Proceedings**

Appellant and SDCCU each filed an adversary proceeding against the other in the bankruptcy court concerning the dischargeability of the SDCCU Judgment. (*See* NIFCU Br. at 8–9.) On August 2, 2018, Appellant filed a complaint against SDCCU, seeking a judgment that the SDCCU Judgment was dischargeable in the Chapter 7 bankruptcy case, *Roark v. San Diego County Credit Union*, No. 18-90109-LA (Bankr. S.D. Cal. filed Aug. 2, 2018) (the "Roark Adversary Proceeding"). (NIFCU Br. at 8.) The Roark Adversary Proceeding was dismissed with prejudice. (*Id.*)

On September 27, 2018, SDCCU filed its own adversary proceeding against Appellant, seeking a judgment that the SDCCU Judgment was nondischargeable, *San Diego County Credit Union v. Roark*, No. 18-90158-LA (Bankr. S.D. Cal. filed Sept. 27, 2018) (the "SDCCU Adversary Proceeding"). (NIFCU Br. at 8.) Judge Adler granted summary judgment in SDCCU's favor on February 25, 2019. (NOA at 11–12; NIFCU Br. at 9.)

Appellant appealed to this Court, *Roark v. San Diego County Credit Union (In re Roark)*, No. 19-CV-344 AJB (MSB) (S.D. Cal. filed Feb. 20, 2019) (the "Prior Bankruptcy Appeal"). (NOA at 12; NIFCU Br. at 9.) On August 15, 2019, Judge Battaglia affirmed Judge Adler's determination that the SDCCU Judgment was nondischargeable. (NIFCU Br. at 9.) Appellant did not appeal Judge Battaglia's Order. (*Id.*)

///

### V. The Trustee's Settlement

The Trustee and special counsel continued to investigate Appellant's claims against NIFCU, ultimately identifying two categories: (1) the Employment Litigation Claims; and (2) potential claims against NIFCU for (i) reimbursement of expenses under California Labor Code section 2802 in connection with the SDCCU Litigation, and/or (ii) bad faith denial of coverage for the SDCCU Judgment under NIFCU's Management Insurance Policy (the "Employer Liability Claims"). (Tr. Br. at 6.) Plaintiff had neither alleged the Employer Liability Claims in the Employment Litigation nor listed them on his bankruptcy schedules. (*Id.*)

NIFCU disputed the merits of both the Employment Litigation and Employer Liability Claims. (*Id.*) Additionally, special counsel advised that, while the claims might have some merit, they had a low probability of success and the litigation would be complex and result in significant attorneys' fees. (NOA at 12.) Consequently, the Trustee determined that settlement with NIFCU would be in the best interest of the Estate. (*See* Tr. Br. at 6; NOA at 12.) The Trustee and NIFCU agreed to a settlement of $152,000, $22,000 of which was allocated to the Employment Litigation Claims and $130,000 of which was allocated to the Employer Liability Claims, in exchange for a mutual release and dismissal with prejudice of those claims. (Tr. Br. at 6; NOA at 12.)

The Trustee filed a motion for approval by the bankruptcy court, which was set for a hearing on February 7, 2019. (NOA at 12; NIFCU Br. at 6–7; Tr. Br. at 7.) Appellant strenuously objected, filing three separate oppositions to the motion. (NOA at 12; NIFCU Br. at 7; Tr. Br. at 7.) On February 25, 2019, the bankruptcy court entered an order overruling Appellant's objections and approving the settlement. (NOA at 12; NIFCU Br. at 7; Tr. Br. at 7.) Appellant did not appeal. (NOA at 12; NIFCU Br. at 7; Tr. Br. at 7.) Based on the settlement, the Superior Court dismissed the Employment Litigation with prejudice on March 29, 2019. (NIFCU Br. at 8.)

/ / /

/ / /

### VI. Appellant's Motion to Invalidate the Settlement

By July 2019, the Trustee had obtained orders approving the compensation for her and her professionals and for authority to pay the Estate's taxes, and the Trustee was preparing to pay Appellant's creditors and to close the bankruptcy case. (Tr. Br. at 9.) Although the time to appeal the settlement had long passed and the bankruptcy case was winding down, Appellant filed an Amended Motion to Invalidate Trustee's Settlement and Withdraw Debtor's Chapter 7 Bankruptcy Petition on September 17, 2019. (*Id.* at 9; NIFCU Br. at 9.) Appellees opposed. (NIFCU Br. at 9; Tr. Br. at 9.)

After issuing a tentative denying the motion, the bankruptcy court held a hearing on October 24, 2019. (*See generally* ECF No. 9-3 ("Tr.").) When Appellant attempted to argue that the SDCCU Judgment was based on fraud on the court, Judge Adler responded that "this is the third time we've been down this road." (*Id.* at 4:9–27.) Although Appellant "agree[d]" that the bankruptcy court could "not go back and revisit what the state court d[id]," (*id.* at 5:1–7), Appellant urged that he "never had an opportunity to argue any fraud on the court," with the exception of the SDCCU Adversary Proceeding. (*Id.* at 5:17–24.) He added that he was now arguing that the approval of the settlement agreement violated certain bankruptcy laws. (*Id.* at 5:25–6:12.) Appellees all indicated their support for the tentative ruling. (*Id.* at 6:18–7:7.)

Judge Adler then proceeded to provide her ruling adopting her tentative. (*See id.* at 7:11–10:20.) Judge Adler noted that "[t]he Trustee actually did all that she was required to do," (*id.* at 8:10–11); that the court had "considered . . . all the factors the court was required to consider" in approving the settlement, (*id.* at 8:27–9:2); and that Appellant had failed to appeal the order approving the settlement, which was now final. (*Id.* at 9:3–4.) Judge Adler also concluded that Appellant had failed to demonstrate that he was entitled to invalidate the settlement agreement under Federal Rule of Civil Procedure 60(b). (Tr. at 9:7–19.) Finally, Judge Adler found that the settlement order was the law of the case, precluding further examination of the issues raised by Appellant. (*Id.* at 9:20–24.) Judge Adler therefore denied Appellant's motion, noting that "at this point there's too much water

under the bridge, and every order that [Appellant is] challenging by this motion is now final." (*Id.* at 10:14–20.)

The Trustee filed a Notice of Lodgment of the proposed order on Appellant's motion on October 28, 2019. (Tr. Br. at 13.) On November 1, 2019, before Judge Adler entered her final order, Appellant filed the instant appeal. (*Id.*; *see also* NOA.)

Judge Adler entered the final order on November 13, 2019, adopting an amended tentative ruling. (Tr. Br. at 13.) The amended tentative ruling rejected Appellant's argument that the settlement agreement should be set aside for equitable reasons because "all of debtor's 'evidence' in support of the alleged abuse or fraud was previously filed and necessarily known to him before the hearing on the settlement motion." (ECF No. 1. at 12.) To the extent Appellant contended that the settlement agreement should be set aside for "excusable neglect," Judge Adler found that Appellant had "fail[ed] to articulate the nature of his neglect and how he me[t] the legal requirements to determine whether his neglect was excusable." (*Id.* (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'shit*, 507 U.S. 380, 395 (1993)).) Finally, Judge Adler concluded that the settlement order was the law of the case and that the Parties had "relied on [the settlement agreement's] finality in fully implementing the agreement, including dismissing the Employment Litigation with prejudice and executing mutual waivers of all claims." (*Id.* at 13.) Regarding Appellant's request to "withdraw" the bankruptcy case, Judge Adler noted that the factual or legal basis for the motion was "unclear" and that "[n]o showing has been made." (*Id.*) Judge Adler therefore denied both Appellant's request to invalidate the settlement agreement and to withdraw the bankruptcy petition. (*Id.*)

## JURISDICTION

The appeal is timely pursuant to Federal Rule of Bankruptcy 8002(a)(2). Fed. R. Bankr. P. 8002(a)(2) ("A notice of appeal filed after the bankruptcy court announces a decision or order—but before entry of the judgment, order, or decree—is treated as filed on the date of and after the entry."); *see also, e.g.*, *In re Schafler*, No. C 01-1818 MMC, 2002 WL 1940295, at *3 (N.D. Cal. Aug. 13, 2002) (concluding court had jurisdiction

where appeal was not premature pursuant to Rule 8002(a)).  The Court has jurisdiction under 28 U.S.C. § 158(a).

## ISSUES ON APPEAL

Appellant designates the following issues on appeal:

a) Did the Bankruptcy Court disregard evidence and abuse its discretion in an Order (Docket #138) to sustain a Trustee Settlement, corrupted by a conflict of interest, that was in contravention of nonbankruptcy laws because it allowed <u>partial satisfaction</u> for <u>the only claim</u> in Debtor's Chapter 7 bankruptcy petition consisting of an unreimbursed CA Labor Code § 2802 expense in the form of a <u>default</u> judgment that pursuant to CA Labor Code § 2804 <u>is impermissible to partially satisfy with any agreement</u> in violation of 11 U.S. Code § 541(c)(1), and;

b) Did the Bankruptcy Court disregard evidence and abuse its discretion in an Order (Docket# 138) to sustain a Trustee Settlement, corrupted by a conflict of interest, that allowed the Trustee to improperly take possession of an asset in Debtor's estate (his lawsuit against his former employer, NIFCU, et al) for an improper claim as described in a) above and c) below, in contravention of 11 U.S. Code § 704(a)(5), and;

c) Did the Bankruptcy Court disregard evidence and abuse its discretion in an Order (Docket #138) to sustain a Trustee Settlement, corrupted by a conflict of interest, that allowed the Trustee to take possession of an asset in Debtor's estate (his lawsuit against NIFCU, et al) to partially satisfy a claim consisting of an unreimbursed CA Labor Code § 2802 expense in the form of a Judgment fully owed by another entity (NIFCU, Debtor's employer), in violation of 11 U.S. Code § 524(e), and;

d) Did the Bankruptcy Court disregard evidence and abuse its discretion in an Order (Docket# 138) to sustain a Trustee Settlement, corrupted by a conflict of interest, that was not in the best interests of the creditor to whom the unreimbursed CA Labor Code § 2802 expense in the form

        of a Judgement was owed in its entirety by NIFCU, a multi-billion dollar corporation, nor the best interests of other parties in interest (i.e., Debtor) in violation of 11 U.S. Code § 704(a)(1), and;

    e)    Did the Bankruptcy Court disregard evidence and abuse its discretion in an Order (Docket #138) to sustain a Trustee Settlement, corrupted by a conflict of interest, that allowed the Trustee to abuse her position against a pro se bankruptee to engage in unlawful, unfair or fraudulent business acts or practices as described in a) through d) above, with regard to Debtor's Chapter 7 bankruptcy petition, in violation of CA Bus. & Prof. Code § 17200?

(ECF No. 2-1 at 1–3 (emphasis in original) (footnote omitted).)

## STANDARD OF REVIEW

A bankruptcy court's denial of a motion for reconsideration is reviewed for abuse of discretion. *Alexander v. Bleau (In re Negrete)*, 183 B.R. 195, 197 (B.A.P. 9th Cir. 1995) (citing *S.G. Wilson Co. v. Cleanmaster Indus., Inc. (In re Cleanmaster Indus., Inc.)*, 106 B.R. 628, 630 (B.A.P. 9th Cir. 1989); *Martinelli v. Valley Bank of Nev. (In re Martinelli)*, 96 B.R. 1011, 1012 (B.A.P. 9th Cir. 1988)), *aff'd*, 103 F.3d 139 (9th Cir. 1996).  Under this standard, the reviewing court "first 'determine[s] de novo whether the [bankruptcy] court identified the correct legal rule to apply to the relief requested.'" *Clinton v. Deutsche Bank Nat'l Tr. Co. (In re Clinton)*, 449 B.R. 79, 82 (B.A.P. 9th Cir. 2011) (second alteration in original) (quoting *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009)).  "If the bankruptcy court identified the correct legal rule, [the reviewing court] then determine[s] under the clearly erroneous standard whether its factual findings and its application of the facts to the relevant law were: '(1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record.'" *Id.* (quoting *Hinkson*, 585 F.3d at 1262).

/ / /

/ / /

/ / /

# ANALYSIS

## I. Motion to Supplement

As an initial matter, Appellant requests leave to supplement the appellate record to include several documents, including deposition transcripts from the SDCCU Litigation; the settlement agreement between SDCCU and NIFCU in the SDCCU Litigation; evidence that Appellant had purchased a list of SDCCU borrowers from ReiSource.com; 2013 articles from the Credit Union Times and San Diego Union Tribune; documents proving Scott Norris' relationship to Roger McTighe; documents proving Angela Brill's relationship to Kit Gardner; NIFCU's 2015 Form 990; the Joint Defense and Common Interest Agreement between NIFCU and Appellant; various emails; the February 2014 California Code of Civil Procedure section 998 offer; an audio file of a hearing before the California Court of Appeal; Appellant's 2012 through 2015 performance reviews from NIFCU; the August 27, 2013 coverage letter from CUNA Mutual and blanket policy; and the waiver agreement with GAIC. (Mot. to Supp. at 4–9.) Appellant contends that the Court should consider this evidence because (1) it "bear[s] heavily" on the merits of the issue before the Court, (2) it involves "highly indisputable facts"; (3) it "will advance the principles of fairness, truth and justice, and prevent unpunished criminal conduct"; (4) it is "in the interests of public policy"; and (5) it "offer[s] evidence of a criminal conspiracy." (*Id.* at 10 (emphasis omitted).) Appellees oppose Appellant's request as untimely and improper because Appellant seeks to add materials that were not considered by the bankruptcy court. (*See* ECF No. 26 at 5–6; *see also* ECF Nos. 27, 28.)

Federal Rule of Bankruptcy Procedure 8009(e) provides that, "[i]f anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected, and a supplemental record may be certified and transmitted . . . by the court where the appeal is pending." Fed. R. Bankr. P. 8009(e)(2)(C). Rule 8009(e) is modeled on Federal Rule of Appellate Procedure 10(e), *see* Fed. R. Bankr. P. 8009(e) Advisory Committee Notes (2014), which, except "in unusual circumstances," the Ninth Circuit has construed as requiring review of "only the [trial] court record on

appeal." *Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003). The rationale behind this rule is that "the [trial] court [i]s the appropriate forum in which to introduce . . . 'evidence,'" meaning that the reviewing court would be "usurping that court's function by entertaining new evidentiary submissions on appeal." *Long Beach Area Chamber of Commerce v. City of Long Beach*, 603 F.3d 684, 698 (9th Cir. 2010).

Although Appellant contends that the materials he now seeks to introduce were "previously omitted in error," (*see* Mot. to Supp. at 2), the documents all date from 2012 through 2015, well before Appellant filed his Chapter 7 petition. With the exception of the deposition transcripts that Appellant asks the Court to order Appellees to produce, (*see id.* at 4–5), there is no indication that these materials were not previously available to Appellant and could not have been presented to the bankruptcy court (or even the Superior Court). Appellant also fails to account for why he did not seek to add these documents to the record until November 2020, over nine months after briefing on this appeal had closed. The Court therefore concludes that it would be improper to review those materials in the first instance on appeal. *See, e.g.*, *In re TAC Fin., Inc.*, No. 17CV00381-AJB-BGS, 2017 WL 5632083, at *3 (S.D. Cal. Nov. 22, 2017) (denying motions to supplement record on appeal where documents had not been considered by the bankruptcy court).

Further, Rule 8009(e)(2) allows the record to be supplemented only if the omitted evidence is "material." *See* Fed. Bank. R. P. 8009(e)(2)(C). To the extent Appellant seeks to relitigate his contention of fraud before the Superior Court, Judge Battaglia concluded in the prior appeal that Appellant had failed to introduce evidence of extrinsic fraud to Judge Adler. (Prior Appeal at 6–9.) Appellant failed to appeal Judge Battaglia's Order, rendering it final. Because Appellant cannot now challenge that ruling, the evidence Appellant seeks to introduce is not material to the instant appeal. To the extent Appellant contends that Judge Adler violated bankruptcy and non-bankruptcy laws by approving the Trustee's settlement with NIFCU, further evidence of SDCCU's alleged fraud before the Superior Court is not material to those arguments. Accordingly, the Court **DENIES** Appellant's Motion to Supplement (ECF No. 24).

11

## II. Appeal of Judge Adler's November 13, 2019 Order

Appellant challenges Judge Adler's November 13, 2019 Order denying his motion to invalidate the settlement agreement and "withdraw" his Chapter 7 petition under Federal Rule of Civil Procedure 60, which allows a court to "relieve a party . . . from a final judgment, order, or proceeding for the following": "mistake, inadvertence, surprise, or excusable neglect;" "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial[;]" "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;" or "any other reason that justifies relief". *See* Fed. R. Civ. P. 60(b)(1)–(3), (6). Rule 60, which is made applicable to bankruptcy proceedings through Federal Rule of Bankruptcy Procedure 9024, "does not limit a court's power to . . . set aside a judgment for fraud on the court." *See* Fed. R. Civ. P. 60(d)(3).

Relief under Rule 60 is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Accordingly, "a party may not use a motion for reconsideration 'to present a new legal theory for the first time or to raise legal arguments which could have been raised in connection with the original motion . . . [or] to rehash the same arguments presented the first time or simply to express the opinion that the court was wrong.'" *Lee v. Bank of N.Y. Mellon (In re Lee)*, Nos. CC-15-1240 et al., 2016 WL 1450210, at *7 (B.A.P. 9th Cir. Apr. 11, 2016) (alterations in original) (quoting *Wall St. Plaza, LLC v. JSJF Corp. (In re JSJF Corp.)*, 334 B.R. 94, 104 (B.A.P. 9th Cir. 2006), *aff'd & remanded*, 277 Fed. App'x 718 (9th Cir. May 7, 2008)).

On *de novo* review, the Court concludes that Judge Adler applied the appropriate standard to Appellant's request to invalidate the settlement agreement. (*See, e.g.*, NOA at 12.) The Court must therefore determine whether Judge Adler's application of that

///

///

///

standard was illogical, implausible, or unsupported by the record. Appellant raises five issues on appeal. *See supra* at pages 8–9. The Court addresses each in turn.[1]

### A. *California Labor Code Section 2804*

Appellant first contends that the bankruptcy court erred by approving a settlement agreeing to payment of less than the full amount Appellant had sought to recover under California Labor Code Section 2802, which covers employer indemnification of expenditures necessary to the discharge of an employee's duties. (*See* AOB at 6–8.) Appellant raised this argument in his opposition to the bankruptcy court's original approval of the settlement agreement, (*see* ECF No. 13 ("ER") at 209–11), and Judge Adler considered and implicitly rejected it. (*See id.* at 216, 219.) Appellant failed to appeal that decision, rendering it final.

Through the instant appeal, Appellant challenges the bankruptcy court's denial of his motion under Federal Rule of Civil Procedure 60(b). (*See* AOB at 10.) But a litigant cannot circumvent the appeals process by using Rule 60(b) where he has made a deliberate choice not to appeal, *see Plotkin v. Pac. Tel. & Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982), and "an appeal from the denial of Rule 60(b) relief 'does not bring up the underlying judgment for review.'" *Banister v. Davis*, 590 U.S. at ___, 140 S. Ct. 1698, 1710 (2020)

/ / /

---

[1] To the extent Appellant requests the Court to revisit orders other than Judge Adler's November 13, 2019 order denying him relief under Rule 60, the Court concludes that Appellant's request is improper. Those orders have all become final by virtue of appeal or Appellant's failure to appeal. Rule 60 does not allow Appellant to circumvent the appeals process, *see infra* Section II.A, or to "rehash the same arguments.'" *In re Lee*, 2016 WL 1450210, at *7.

Appellant also requests that the Court refer NIFCU and CUNA Mutual "to federal law enforcement for criminal acts." (*See* AOB at 16.) While the bankruptcy court may be required to report to the United States Attorney reasonable suspicion of bankruptcy fraud, *see* 18 U.S.C. § 3057(a), Appellant charges NIFCU and CUNA Mutual with violations of non-bankruptcy criminal statutes. (*See* AOB at 16–17.) Further, there can be no reasonable grounds for believing that violations of the bankruptcy laws have been committed where "the same issue of fraud had been pleaded, argued and litigated before the bankruptcy, district and appellate courts." *In re Botany Indus., Inc.*, 463 F. Supp. 793, 799 (E.D. Pa. 1978), *aff'd*, 609 F.2d 500 (3d Cir. 1979).

(quoting *Browder v. Director, Dep't of Corrs. of Ill.*, 434 U.S. 257, 263 n.7 (1978)). Accordingly, Judge Adler's denial of Appellant's motion was not erroneous.

In any event, Appellant misreads California Labor Code Section 2804. Section 2804 provides that "[a]ny contract or agreement, express or implied, made by any employee to waive the benefits of [Section 2802], is null and void, and this article shall not deprive any employee or his personal representative of any right or remedy to which he is entitled under the laws of this State." Cal. Lab. Code § 2804. Contrary to Appellant's suggestion, (*see, e.g.*, AOB at 7), Section 2804 renders unenforceable a waiver for future Section 2802 claims or an uncompensated waiver of Section 2802 claims, not a negotiated, paid settlement for past, unpaid business expenses. *See, e.g.*, *Aguilar v. Zep Inc.*, No. 13-cv-00563-WHO, 2014 WL 1900460, at *5–6 (N.D. Cal. May 12, 2014) (citing *Villacres v. ABM Indus. Inc.*, 189 Cal. App. 4th 562, 591 (2010)). As the Court of Appeal explained in *Villacres*, "[w]ere it otherwise, a suit alleging a wage claim could be resolved only through a dispositive motion or a trial." 189 Cal. App. 4th at 591.

The Court therefore concludes that Judge Adler did not err by refusing to reconsider Appellant's argument that settlement of his Section 2802 claims violated Section 2804.

### B.   11 U.S.C. § 704(a)(5)

Appellant next argues that Judge Adler erred by "allow[ing] the Trustee to improperly take possession of an asset in Debtor's estate (his lawsuit against his former employer, NIFCU, et al) for an improper claim . . . , in contravention of 11 U.S. Code § 704(a)(5)," (ECF No. 2-1 at 2 (footnote omitted)), which requires the Trustee, "if a purpose would be served, [to] examine proofs of claims and object to the allowance of any claim that is improper." 11 U.S.C. § 704(a)(5). The Trustee explains, however, none of the Parties to the settlement agreement (*i.e.*, the Trustee, NIFCU, and CCU) filed a proof of claim, meaning no proof of claim to which the Trustee could object was implicated in Judge Adler's order approving the settlement. (*See* Tr. Br. at 22–23.) Accordingly, Section 704(a)(5) is inapplicable, and Judge Adler did not err by concluding that relief under Rule 60(b) was not merited under that provision.

### C.     11 U.S.C. § 504(e)

Appellant urges that Judge Adler's approval of the settlement violated 11 U.S.C. § 504(e), (*see* ECF No. 2-1 at 2), which provides that, "[e]xcept as provided in [11 U.S.C. § 504(a)(3)], discharge of a debt of the debtor does not affect the liability of any other entity on . . . such debt," 11 U.S.C. § 504(e), by "allowing Trustee to partially (or even fully) settle a claim fully *owed by another entity*." (AOB at 8 (emphasis in original).) But Section 504(e) is inapplicable—as the Trustee explains, "Section 524(e) involves the effect of a discharge of a debt owed ***by*** a debtor, not a claim or debt owed ***to*** a debtor." (Tr. Br. at 22 (emphasis in original).) The settlement approved by Judge Adler concerned Appellant's Employment Litigation and Employer Liability Claims against NIFCU, which fall into the latter category. Accordingly, Judge Adler did not err by refusing to reconsider her prior approval of the settlement order based on Section 504(e).

### D.     11 U.S.C. § 704(a)(1)

According to Appellant, Judge Adler erred in approving the settlement agreement because it was not in the best interest of either the creditor (SDCCU) or other parties in interests (namely, Appellant) in violation of 11 U.S.C. § 704(a)(1). (ECF No. 2-1 at 2.) Under Section 704(a)(1), the Trustee is required to "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest." 11 U.S.C. § 704(a)(1). Specifically, Appellant faults the Trustee for failing to use Section 2804 to extract from NIFCU the full amount of the SDCCU Judgment. (*See* AOB at 9; ER at 245–46.)

Although Appellant did not explicitly cite Section 704(a)(1) in his original oppositions to the Trustee's motion for approval of the settlement agreement, he did argue that SDCCU "would be better served if Trustee abandoned the lawsuit and allowed [SDCCU] to place a lien against Debtor's [Employment Litigation] and allow Debtor and his attorney to pursue it." (ER at 210.) Again, Judge Adler considered and rejected Appellant's argument, (*see id.* at 216, 219), a decision that Appellant failed to appeal. / / /

Judge Adler therefore properly rejected Appellant's attempt to circumvent the appeals process. *See, e.g.*, *Plotkin*, 688 F.2d at 1293.

In any event, Appellant's invocation of Section 704(a)(1) is without merit. First, as discussed above, *see supra* Section II.A, Appellant misreads Section 2804, which does not proscribe *settling* a Section 2802 claim for less than the full amount claimed by the employee. Second, as the Trustee notes, (*see* Tr. Br. at 23), Section 704(a)(1) requires the Trustee to "close [the] estate as expeditiously as is compatible with the best interests of parties in interest." 11 U.S.C. § 704(a)(1). Settlement is more expeditious that litigation, and "[t]he duty to close the estate as quickly and expeditiously as is compatible with the best interests of the parties in interest has been called the trustee's 'main duty.'" *In re Riverside-Linden Inv. Co.*, 85 B.R. 107 (Bankr. S.D. Cal. 1988), *aff'd*, 99 B.R. 439 (B.A.P. 9th Cir. 1989), *aff'd*, 925 F.2d 320 (9th Cir. 1991). "And embedded in this duty is the requirement to maximize the value of estate assets," *McClenny v. McClenny (In re McClenny)*, No. CC-17-1155-TaFS, 2018 WL 1354550, at *5 (B.A.P. 9th Cir. Mar. 6, 2018) (citing *United States v. Sims (In re Feller)*, 218 F.3d 948, 952 (9th Cir. 2000)), with an eye toward maximizing recovery for the debtor's creditors. *In re Feller*, 218 F.3d at 952. "Appellant's only creditor of any significance, SDCCU[,] supported and continues to support the Chapter 7 Trustee's settlement" and believes that "the proceeds of that settlement are the only funds that will likely be available to pay at least some portion of SDCCU's judgment against Appellant." (SDCCU Br. at 2.)

The Trustee determined in her business judgment that the settlement was in the best interests of the Estate and creditors, and Judge Adler determined in her discretion that the settlement was fair and equitable. Judge Adler did not abuse her discretion in denying Appellant's motion to alter or amend her prior approval of the settlement agreement based on Section 704(a)(1). *See, e.g.*, *I & S Farms v. Hopkins (In re Isom)*, No. ID-19-1198-BGL, 2020 WL 1950905, at *10 (B.A.P. 9th Cir. Apr. 22, 2020).

/ / /

/ / /

### E.  *California Business and Professions Code § 17200*

Finally, Appellant contends that Judge Adler erred by approving the settlement agreement despite the Trustee's "unlawful, unfair or fraudulent business acts or practices . . . in violation of CA Bus. & Prof. Code § 17200." (ECF No. 2-1 at 3.)  While Appellant may attempt to bring a separate action against the Trustee under Section 17200, it is not a proper basis for reconsideration.  Accordingly, Judge Adler did not err in refusing to revisit her prior approval of the settlement agreement on this ground.

## III.  Motion to Expedite

On October 13, 2020, Appellant requested that the Court provide "expedited consideration (within 30–60 days)" of his appeal.  (*See* Mot. to Expedite at 1.)  In light of the Court's ruling on Appellant's appeal, the Court **DENIES AS MOOT** Appellant's Motion to Expedite (ECF No. 23).

## CONCLUSION

In light of the foregoing, the Court **DENIES** Appellant's Motion to Supplement (ECF No. 24), **AFFIRMS** the ruling of the bankruptcy court, and **DENIES AS MOOT** Appellant's Motion to Expedite (ECF No. 23).  The Clerk of Court **SHALL ENTER JUDGMENT** and **SHALL CLOSE** the case.

**IT IS SO ORDERED.**

Dated:  December 31, 2020

_____
Honorable Todd W. Robinson
United States District Court